UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BARBARA WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-2147** |
| **BELLSOUTH TELECOMMUNICATIONS, INC.** | **SECTION "S" (3)** |

## ORDER AND REASONS

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Rec. Doc. 13) is **GRANTED**.

## BACKGROUND

Plaintiff, Barbara Williams, filed a complaint against defendant, BellSouth Telecommunications, Inc., alleging breach of contract, detrimental reliance, and retaliatory discharge. Williams worked as a temporary, part-time services technician with BellSouth from August 2004 through January 2005.[1] Williams claims that although she was only offered a position as a temporary employee, other people were hired as full-time employees. She claims that she was qualified for several full-time positions and that she was told by BellSouth that she could apply for a full-time position 90 days after her date of hire. Williams further alleges that she worked in Thibodaux, but she preferred to work in Houma, where several full-time positions were available. Williams was never offered a regular full-time position by BellSouth.

---

[1] Several years ago, Williams was employed by South Central Bell and thereafter was employed by AT&T. She voluntarily resigned from AT&T in 1993.

Williams alleges that on January 25, 2005, while a temporary, part-time employee, she injured her shoulder on the job during ladder training. After reporting the injury to her supervisors, Williams went to the emergency room. The next day, on January 26, 2005, Williams was told that her employment had been terminated.

BellSouth has filed a motion for summary judgment contending that Williams' breach of contract claim is barred by the National Labor Relations Act ("NLRA"), and any remaining claims, such as retaliatory discharge, cannot be sustained.

## DISCUSSION

**1.     Standard of Review**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir.1991); Fed.R.Civ.P. 56(c). A fact is "material" if its resolution in favor of one party might affect the outcome of the lawsuit, and an issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

If the moving party meets its initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The nonmovant cannot satisfy his summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (*en banc*). If the opposing party bears the burden of proof at trial, the moving

party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. *Saunders v. Michelin Tire Corp.*, 942 F.2d 299, 301 (5th Cir.1991). Only when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party" is a full trial on the merits warranted. *Anderson*, 106 S.Ct. 2505, 2511 (1986).

**2.      Motion for Summary Judgment**

*a.      Breach of Contract*

BellSouth contends that Williams' breach of contract claim is barred by the National Labor Relations Act because Williams did not follow the grievance/arbitration procedure provided for in the collective bargaining agreement, the only contract in existence between Williams' union and BellSouth. Williams argues that under Louisiana Civil Code Article 1927 there was an agreement or contract between the parties that Williams would be a full-time employee. Article 1927 states, in part: "[a] contract is formed by the consent of the parties established through offer and acceptance."

Williams cites to no facts that are in dispute which would support her claim for breach of contract regarding full-time employment. Williams points to no contract, no offer for full-time employment from BellSouth, and no acceptance of such employment. Williams admits that after being a temporary employee for five months and after requesting to be hired for other positions, she did not receive an offer for any other positions.[2] The undisputed facts demonstrate that Williams was a part-time employee who attempted to obtain a full-time position with BellSouth, but was never offered such a position. Williams does not identify any contract that would allow her to

---

[2]Williams' Opposition at p. 3 (Rec. Doc. 22).

maintain a claim for breach of contract.

### b.     *Detrimental Reliance*

Williams' claim for detrimental reliance is based on her attempt to obtain a full-time position with BellSouth, and her inability to do so. Williams generally contends that she relied on BellSouth's representation that after the 90 day period, she could apply for and ***then receive*** a full-time or a different position with the company.[3] Williams further contends that had she not relied on BellSouth's promise to be given a full-time position in the future, she would have pushed for a full time or different position in the beginning of her employment.

The doctrine of detrimental reliance is provided in Louisiana Civil Code Article 1967, which states:

> Cause is the reason why a party obligates himself. A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise. Reliance on a gratuitous promise made without required formalities is not reasonable.

There are three elements required for the application of detrimental reliance: (1) a representation by conduct or word; (2) justifiable reliance thereon; and (3) a change of position to one's detriment because of the reliance. *Morris v. Friedman,* 94-2808 (La.11/27/95), 663 So.2d 19, 25. "[T]he basis of detrimental reliance is 'the idea that a person should not harm another person by making promises that he will not keep.'" *Suire v. Lafayette City-Parish Consolidated Government*, 2004-1459, 2004-1460, 2004-1466 (La. 4/12/05), 907 So. 2d 37, 31-32. "Thus, the focus of analysis of a detrimental reliance claim is . . . whether a representation was made in such

---

[3] Williams' Opposition at p. 8.

a manner that the promisor should have expected the promisee to rely upon it, and whether the promisee so relies to his detriment." *Id.*

Although Williams argues that BellSouth promised her that she could apply for and then receive a full-time or a different position with the company, Williams does not identify any one person with BellSouth who told her this, but alleges that she was told "by staffing" on August 10, 2004 and on August 18, 2004 that once she was on the payroll she could ***apply*** for other positions.[4] There is no indication that she was told that an application after 90 days would guarantee her placement in a full-time position. Williams admits that although she applied for different positions, no offer for any of those positions was ever made to her. Williams has not established that any representation was made to her which could give rise to a claim for detrimental reliance.

### c. *Retaliatory Discharge*

Williams' last claim is that she was discharged in retaliation for reporting the shoulder injury she sustained two days before her employment was terminated. La. Rev. Stat. § 23:1361(B) states:

> No person shall discharge an employee from employment because of said employee having asserted a claim for benefits under the provisions of this Chapter or under the law of any state or of the United States. Nothing in this Chapter shall prohibit an employer from discharging an employee who because of injury can no longer perform the duties of his employment.

BellSouth argues that Williams' claim for retaliatory discharge must be dismissed because Williams did not file a workers' compensation claim, and temporal proximity is the only evidence Williams has that her discharge was connected to her injury.

There is no dispute that Williams told her supervisors of her injury two days before she was terminated, indicating that BellSouth had knowledge of her on-the-job injury. Courts have held that

---

[4]Williams' Opposition at page 2 (Rec. Doc. 22)(emphasis added).

a claim for retaliatory discharge will not be dismissed simply because at the time of discharge the employee has not yet filed a workers' compensation claim. *Nicholson v. Transit Management of Southeast Louisiana*, 2000-0706 (La. App. 4th Cir. 2/14/01),781 So. 2d 661, 667 (citing *Rholdon v. Bio-Medical Applications of Louisiana, Inc.*, 868 F. Supp. 179, 181 (E.D. La. 1994)). Therefore, Williams failure to file a workers' compensation claim before filing suit does not preclude her claim for retaliatory discharge.

BellSouth argues that the fact that the termination occurred only days after her injury is the only connection between the injury and the termination. Temporal proximity alone is insufficient to support a claim for retaliatory discharge under Louisiana law. *Woolsey v. Delta Disposals, L.L.C.*, 40,339 (La. 2d Cir. 10/26/05), 914 So. 2d 618, 621. "In order to be entitled to recover for retaliatory discharge under La. R.S. 23:1361, the plaintiff/employee must establish by a preponderance of the evidence that [s]he was discharged because [s]he asserted a workers' compensation claim, either by presenting direct evidence that the assertion of a workers' compensation claim was the reason for the discharge, or presenting circumstantial evidence sufficient to establish more probably than not that the reason for the discharge was the assertion of the workers' compensation claim." *Id*. (citing *Chivleatto v. Sportsman's Cove, Inc*., 05-136 (La. App. 5th Cir. 6/28/05), 907 So.2d 815). "If the employer gives a nondiscriminatory reason for the discharge, and presents sufficient evidence to prove more probably than not that the real reason for the employee's discharge was something other than the assertion of the workers' compensation claim, the plaintiff is precluded from recovery." *Id*. "If the employer offers another reason for firing the workers' compensation claimant, the trial court must ascertain the employer's true reason or motive based on the facts presented." *Id*.

BellSouth asserts that its reason for discharge was not retaliation for reporting the injury. Williams and another temporary employee, Robert Bjorklund, were both terminated because BellSouth decided to eliminate the temporary positions in the Thibodeaux work center, based solely on business needs.

The burden is with Williams to establish by a preponderance of the evidence that she was discharged because she reported her at-work injury. The burden then shifts to BellSouth to give a nondiscriminatory reason for the discharge and to prove more probably than not that the discharge was for a reason other than the injury.

Other than the timing of her discharge, Williams has not provided this court with any support for her retaliatory discharge claim. BellSouth has established a nondiscriminatory reason for Williams' discharge, and has presented sufficient evidence to prove more probably than not that the discharge was based on the business needs rather than in retaliation for reporting an injury.

## **CONCLUSION**

The defendant's motion for summary judgment is granted.

New Orleans, Louisiana, this \_\_\_14th\_\_\_ day of December, 2007.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**